UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL NO. 06-217-FJP-SCR

VERSUS

(CV 08-605-FJP-SCR)

BRANDI R. THOMPSON

## RULING ON DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

The defendant, Brandi R. Thompson, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] The United States has filed an opposition to defendant's motion.[2]

The defendant raised three grounds in support of her § 2255 motion: (1) she claims that she received ineffective assistance of counsel; (2) there was a "Brady Violation and Abuse of Charging Authority"; and (3) she received an "Unreasonable and Unlawful Sentence." Each of these claims will be discussed separately.

After reviewing the entire record, the Court finds that defendant's § 2255 motion should be denied. The defendant failed to establish that she received ineffective assistance of counsel during the course of this case. The defendant was represented by Jean Faria, the chief Assistant Public Defender in the Middle District of Louisiana. Ms. Faria clearly complied with the

---

[1]Rec. Doc. No. 39.

[2]Rec. Doc. No. 44.

Doc#45744

requirements of *Strickland v. Washington*.³  Ms. Faria properly set forth defenses, claims and arguments both in her written pleadings and in her arguments during court hearings.  Ms. Faria's decision not to file frivolous motions or present arguments which were not supported by the law and evidence in this case cannot be considered a violation of the *Strickland v. Washington* standard.  Counsel's actions and inactions in this case complied with the standards of law and were not prejudicial to the defendant.

Defendant's second claim constitutes a collateral attack of her conviction and sentence.  The defendant signed a plea bargain in this case.  In this plea agreement the defendant waived her right to file a collateral attack on her conviction and sentence.  Thus, the defendant has no right to challenge her conviction and sentence, and her challenge to this claim is denied.  Even if the defendant could raise these claims in her § 2255 motion, the motion would still be denied.  The application of the bank fraud statute in this case was appropriate and constitutional.  The elements required to support her guilty plea were satisfied by the facts of this case.  The defendant's guideline range and the Court's order requiring defendant to make restitution were properly calculated.  Finally, the Court finds that the defendant's sentence was fair, just, and appropriate under the facts of this case.

In summary, the defendant's allegations that Ms. Faria's

---

³466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984).

performance was deficient for failing to raise any of the claims raised in her § 2255 motion are without merit.

The Court has considered all of the allegations raised herein whether specifically discussed herein.[4]

Therefore, defendant's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, January 22, 2009.

```
                         _____
                         FRANK J. POLOZOLA
                         MIDDLE DISTRICT OF LOUISIANA
```

---

[4] No evidentiary hearing is required on defendant's motion.