UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

BRANDI R. THOMPSON

CRIMINAL NO. 06-217-FJP-SCR

(CV 10-826-FJP-SCR)

## **RULING**

The defendant, Brandi R. Thompson, has filed a motion under 18 U.S.C. § 3582(c)(2) to reduce her sentence based on an amendment to the United States Sentencing Guidelines.[1] The government has filed a memorandum in opposition to defendant's motion.[2] For reasons which follow, the motion is denied.

The defendant seeks a reduction in her sentence as a result of a 2007 amendment to the United States Sentencing Guidelines. It is clear that only those amendments enumerated in U.S.S.G. § 1B1.10(c) may be applied retroactively to reduce a sentence in a § 3582(c)(2) motion. The amendment referenced in the defendant's motion was not included in the § 1B1.10(c) listing. Thus, the defendant has no basis for relief on her § 3582(c)(2) motion. In the alternative and assuming this amendment was made retroactive, the amendment would not form a basis to reduce defendant's sentence because it is

---

[1] Rec. Doc. No. 50.

[2] Rec. Doc. No. 52.

Doc#47088

inapplicable to defendant's guideline calculation.

The defendant was charged in a two count indictment by the grand jury for the Middle District of Louisiana for bank fraud and unauthorized use of a credit card.

On January 25, 2007, the defendant entered pleas of guilty to both counts of the indictment pursuant to a plea agreement. In the plea agreement, the defendant waived her right to appeal her conviction and sentence, except under certain limited conditions.

The defendant was sentenced to 78 months imprisonment in a sentence that was within the guideline range of 63-78 months. None of the three enumerated exceptions to the defendant's waiver of the right to appeal or collaterally attack her sentence apply in this case.

On January 23, 2009, this Court denied plaintiff's motion to vacate sentence under 28 U.S.C. § 2255.[3] In its opinion, the Court rejected the defendant's ineffective assistance of counsel argument. The Court also held defendant's other arguments were effectively waived by her plea agreement. On September 11, 2009, this Court denied defendant's second motion to vacate under 28 U.S.C. § 2255[4] which was virtually identical to the § 3582(c)(2) motion now pending before the Court. The Court treated the second motion as a § 2255 motion and denied the motion for failure to

---

[3]Rec. Doc. No. 45.

[4]Rec. Doc. No. 48.

obtain permission to file the successive motion from the Fifth Circuit Court of Appeals.

The defendant again seeks post-conviction relief in the form of a 18 U.S.C. § 3582(c)(2) motion. It is clear that defendant's motion is without merit as a matter of law under the facts of this case. The Court also finds that the amendment cited in the defendant's § 3582(c)(2) motion cannot be applied retroactively to reduce a pre-amendment sentence. Only the amendments to the Sentencing Guidelines that are listed in U.S.S.G. § 1B1.10(c)[5] should be considered in a § 3582(c)(2) proceeding.[6]

Defendant's current motion refers to "Amendment 12" of the Sentencing Guidelines and claims that it is a 2007 amendment. There is no listing of "Amendment 12" in U.S.S.G. § 1B1.1(c). Amendment 12 was made effective on June 15, 1988, and changed certain language in Section 2B2.1(b)(2) of the Sentencing Guidelines. Nothing in the defendant's motion refers to the actual language of this amendment. Furthermore, this provision involves "burglary of a residence or a structure other than a residence" and has nothing to do with the guideline calculation in the defendant's case.

---

[5]Section 1B1.10(c) lists the following amendments: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

[6]*Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010).

In an attempt to give defendant's motion a full and complete evaluation, it appears the defendant intended to reference Amendment 709 to the Sentencing Guidelines.[7] Because neither Amendment 12 nor Amendment 709 is included in U.S.S.G. § 1B1.10(c), the defendant's claim for relief under § 3582(c)(2) should be denied.

It is also clear that Amendment 709 would not operate to modify the defendant's criminal history category. The defendant's motion sets forth no basis for, nor can the Court find, how Amendment 709, even if applied retroactively, would affect her criminal history calculation or sentence. The Court properly calculated the defendant's sentence under the law and facts of this case.[8]

Therefore;

Defendant's motion filed pursuant to 18 U.S.C. § 3582(c) is denied.

---

[7]The content of the defendant's motion, including the mistaken reference to Amendment 12, appears to be circulating among the inmates in the federal prison system as it is similar to that of erroneous citations in other jurisdictions. *See Harris v. United States*, 2009 WL 303701, *3 n. 4 (W.D. Pa. Feb. 9, 2009; *United States v. Esquivel*, 2008 WL 2570907, *5 (D. Utah June 25, 2008).

[8]The Court has considered all of the contentions made by the parties whether discussed herein or not.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, January 18, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA